## Corbin Brick Co. v. Walters (two cases).

(Decided Oct. 13, 1933.)

STEPHENS & STEELY, GLENN H. STEPHENS and E. L. STEPHENS for appellant.

POPE & UPTON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Thomas Walters and his wife, Mary E. Walters, were driving in their car on the state highway in Whitley county, running about twenty miles an hour. A large truck was behind them running about thirty-five miles an hour and attempted to pass their car. As shown by the proof for the plaintiffs, a car was approaching from the other direction and the truck cut to the right before it was clear of their car and so knocked it off the highway. The car turned over several times before it stopped and they were seriously injured.

On the other hand, the proof for the defendant was that the truck did not strike the car, but that the trouble was caused by the way the driver of the car turned it. Separate suits were filed by Mr. and Mrs. Walters to recover for their injuries. The jury returned a verdict in his favor for $500 and in her favor for $750 against the Corbin Brick Company, the defendant in the action, and it appeals.

The chief point argued on the appeal is that the Corbin Brick Company did not own the truck and is not liable for the negligence of the driver. The evidence on this point is as follows: The Corbin Brick Company manufactures brick at Woodbine, Ky. It sold a lot of brick to H. C. Rogers, who was building a schoolhouse at Jellico, Tenn. Its price for brick delivered at the plant was $6 a thousand. Its price for the brick delivered at Jellico, Tenn., was $7.50 a thousand, and they were delivered under this contract to Rogers. As the truck was returning from delivering the brick the accident occurred. Johnnie Begley bought the truck originally from the Seeder-Peak Company and hauled brick with it for the appellant. After he had hauled for some months, he got in a bad shape financially and turned over the truck to his cousin Joe Begley and H. K. Smith, who afterwards owned it. Each of them was a stockholder and a director in the Corbin Brick Company. Smith was the general manager, and Begley was the superintendent. They paid the Seeder-Peak Com-

pany the balance due on the truck. The truck was used by the company in all its business, such as hauling goods to the commissary and the like. Jim Carty, who operated the truck, was a regular employee of the company and paid regularly by it. When brick were hauled on the truck, as in this case, the purchaser paid the company the full price and then on the books of the company Smith and Begley were credited by $1.50 for hauling the bricks, and the time of Carty, while so engaged for hauling the brick, was charged to them on the books. On the day in question Carty was credited on the books of the company with ten hours' work at 25 cents an hour and was paid $2.50 by it. It is insisted for appellant that Carty in driving the truck was the agent of Smith and Begley, that they were independent contractors for this work, and that the Corbin Brick Company was not liable for the acts of Carty. H. C. Rogers bought the brick from the Corbin Brick Company and paid the company for the brick knowing no one else in the transaction. The price he paid the company was the price of the brick delivered at Jellico, and included the hauling of the brick there. Jim Carty was a regular employee of the brick company. He had worked for it over a year, and was working for it on the day in question just as on every other day for a year, without any knowledge of any other employer. The company paid him for his work on this day just as it did on all other days. He knew nothing of the title to the truck. He knew nothing of the way in which the accounts of the brick company were kept on its books as between the brick company and Smith and Begley. So far as he knew he was working for the company on this day just as he worked on any other day in hauling goods to the commissary or delivering brick to be loaded on a car at Woodbine. In hauling these brick to Jellico to Rogers he was in fact the servant of the company, delivering brick for it under its contract with Rogers. He was not employed by Smith and Begley. The company was therefore responsible for his acts to Walters and wife. The distinctive test applied in many cases to determine whether a man is a servant or not is the power to discharge. Very clearly here the brick company only had power to discharge Carty. He had been employed by it and by no one else. He was strictly its servant. It had the power to change at any time the way of doing the work. Authorities on

this question are collected in Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S. W. (2d) 1014; see, also, notes to Re James Murray, 75 A. L. R. 725—728, and cases cited. This conclusion makes it unnecessary to consider the other grounds and authorities relied on sustaining the judgment of the circuit court.

The only other error relied on for appellant is that the court erred in Thomas Walters' case in instructing the jury on the measure of damages, in that the instruction contained these words, "and you may also award to him such further sum as you should believe from the evidence will fairly and reasonably compensate plaintiff for any diminution or impairment of his power to earn money." The objection to the instruction is that the court did not qualify these words by adding, "if his injury is permanent." The rule is well settled that the instruction should be so worded. Herndon v. Waldon, 243 Ky. 312, 47 S. W. (2d) 1047. The verdict here for Thomas Walters was only for $500. The car was wrecked, and under the admitted evidence he should have recovered $150 for his car. The verdict being for only $500, he was only allowed $350 for his injury. The proof on the trial showed, without doubt, that Walters had a shivered or slipped kneecap. His left leg had turned black; he was also injured in the breast. These injuries were more or less permanent in character and greatly impaired the ability of the plaintiff to work. Walters had evidently suffered a great deal of pain. He had been in the hospital some time and was still suffering with pain at the time of the trial. The verdict of the jury for $350 was no more than he should have recovered for expenses incurred and pain suffered up to the trial. The verdict is so small that we are satisfied the defendant was not prejudiced by these words in the instruction, and that the jury in fact was not misled by them as shown by the verdict. It is expressly provided by the Civil Code of Practice (section 756) that a judgment shall only be reversed for an error prejudicial to the substantial rights of the defendant upon the whole case. The verdict here is so small that very clearly no right of the defendant was prejudiced by the omission.

In the supplemental brief for the appellant the objection is urged that the court erred in trying before the same jury the case of the husband and wife. But

no objection was made to this order. The cases were tried together without complaint, and this objection cannot be urged for the first time in this court.

Judgment affirmed.